IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JEREMY LOCKETT,

       Plaintiff,

v.                                             Case No. 17-CV-691

NURSE PRACTITIONER BONSON, ET AL.,

       Defendants.

## DEFENDANT'S PROPOSED FINDINGS OF FACT

      Defendant Edge, by her attorneys, submit these proposed findings of fact in support of Defendant's Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies.

      1.      Plaintiff, Jeremy Lockett (DOC #511912), has been housed at WSPF since November 25, 2014. (Ray Decl. ¶ 5.)

      2.      Beth Edge is employed as the Wisconsin Secure Program Facility. (Dkts. 1:1; 17:1 ¶ 2.)

      3.      Plaintiff was allowed to proceed on a claim that Nurse Beth Edge was deliberately indifferent to his serious medical needs between October and December 2016 when she failed to provide him with pain medication. (Dkt. 12:3-4.)

      4.      Wisconsin has established the Inmate Complaint Review System (ICRS) as the principal administrative remedy for those in state custody. Under the ICRS, an inmate must file a complaint with the Inmate Complaint Examiner within

14 calendar days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. The Inmate Complaint Examiner can accept late filings for good cause shown. Wis. Admin. Code § DOC 310.09(6).

5. The institution complaint examiner reviews and investigates the inmate complaint at the institution level, within the parameters set forth in DOC 310.11, Wis. Admin. Code. The Inmate Complaint Examiner then rejects or recommends action to a reviewing authority, which will in turn dismiss or affirm the complaint. Wis. Admin. Code §§ DOC 310.11, 310.12.

6. Consistent with § DOC 310.05, Wis. Admin. Code, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before they may commence a civil action or special proceeding against any officer, employee or agent of the department in that person's official or individual capacity.

7. In order to exhaust his administrative remedies under the Inmate Complaint Review System set forth in ch. DOC 310, an inmate dissatisfied with the warden's decision on a dismissed or affirmed complaint must timely appeal the decision to the Corrections Complaint Examiner (CCE).

8. Plaintiff filed three offender complaints under the Inmate Complaint Review System relating to his claim in this lawsuit that he was denied medication, only one relates to Nurse Beth Edge. (Dkt. 12:3-4; Ray Decl. ¶¶ 7-9 Exs. 1000, 1001, 1002, 1003.)

9. Plaintiff filed Offender Complaint WSPF-2016-21695 on or about October 6, 2016 in which he alleged he was being denied his medication. (Ray Decl. ¶ 8 Ex. 1001, at 1.)

2

Case 1:17-cv-00691-WCG    Filed 06/15/18    Page 2 of 4    Document 34

10. This inmate complaint did not mention Nurse Beth Edge. The institution complaint examiner rejected this complaint on the grounds that the issue raised in the complaint was previously addressed through the inmate's use of the inmate complaint review system in inmate complaint WSPF-2016-21590. (Ray Decl. ¶ 8, Ex. 1001, at 2, 5.)

11. In WSPF-2016-21590, Plaintiff stated "The nurse practitioner refuse to give me the proper pain medication that I was prescribed from the outside doctor." The inmate complaint did not mention Registered Nurse Beth Edge. (Ray Decl. ¶ 8 Ex. 1002, at 11.)

12. Lastly, Plaintiff filed WSPF-2016-25074 in which he explained that the single issue of the complaint is that he was denied his pain medication "do to [sic] Nurse edge not bring it over." Lockett explained that Nurse Edge did not bring his pain medication because, according to Edge, the call to HSU "was not received until 11:45, after med pass time." (Ray Decl. ¶ 9 Ex. 1003, at 6.)

13. The ICE investigated the complaint and recommended that it be dismissed because, upon speaking to Nurse Edge, there was "no indication that [Lockett] was denied medication." (Ray Decl. ¶ 9 Ex. 1003 at 2.)

14. The complaint was accordingly dismissed by the reviewing authority. (Ray Decl. ¶ 9 Ex. 1003 at 3.)

15. Lockett did not appeal the decision dismissing his complaint and thus failed to exhaust his administrative remedies. (Ray Decl. ¶¶ 12, 15 Exs. 1000, 1003.)

Dated this 15th day of June, 2018.

            Respectfully submitted,

            BRAD D. SCHIMEL
            Attorney General of Wisconsin

            s/ Michael D. Morris
            MICHAEL D. MORRIS
            Assistant Attorney General
            State Bar #1112934

            Attorneys for Defendant Edge

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3936
(608) 267-8906 (Fax)
morrismd@doj.state.wi.us